Filed 12/12/14  P. v. Lara CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039842 |
| | (Santa Cruz County |
| Plaintiff and Respondent, | Super. Ct. No. F22718) |
| v. | |
| RENE MIGUEL LARA, | |
| Defendant and Appellant. | |

In May 2012, a complaint was filed charging defendant Rene Miguel Lara with three felonies, namely, possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1));[1] possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)); and possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378).  It was further alleged that defendant had been convicted of two felonies, both of which resulted in his having served prison terms, and he had not remained free of prison custody (or the imposition of a term of jail custody) for a period of five years (§ 667.5, subd. (b); prison priors).  As to the third count, it was alleged, pursuant to Health and Safety Code section 11370.2, subdivision (c), that defendant had previously been convicted of having violated Health and Safety Code section 11351.

Defendant moved to suppress seized evidence pursuant to section 1538.5.  After the motion was denied and defendant was held to answer on all charges, an information

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

was filed containing the same charges and special allegations. Defendant renewed his motion to suppress. After the renewed motion was denied, defendant pleaded guilty to count 1 and count 3 and admitted the two prison prior allegations. (Count 2 was dismissed.) He was sentenced to an aggregate term of five years in prison.

Defendant challenges the conviction entered on his guilty plea by contesting the court's denial of his suppression motion. Defendant asserted in that motion that the warrant that was the basis for the search of his Watsonville residence was not supported by sufficient facts establishing probable cause. Because the affidavit included facts from a confidential informant, a portion of the affidavit was sealed and not available to defendant. The trial court, after considering an unredacted version of the search warrant affidavit in camera, concluded that there were sufficient facts to support the magistrate's issuance of the search warrant. Defendant challenges that ruling. He requests that this court, under *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), perform an independent review of the entire search warrant and affidavit, including the sealed materials, to ascertain whether the trial court properly denied the suppression motion.

Defendant also challenges the court's imposition of a restitution fine in the amount of $280 pursuant to section 1202.4 (and a corresponding fine under section 1202.45). He contends that the court erred in that it purportedly intended to impose the statutory minimum, which was $240.

We conclude, after performing an independent review of the record pursuant to *Hobbs*, *supra*, 7 Cal.4th 948, that the affidavit presented "sufficient competent evidence" to support the magistrate's finding of probable cause. The trial court therefore properly denied the motion to suppress. We conclude further that defendant forfeited his challenge to the imposition of the restitution fine and corresponding parole revocation restitution fine, and we reject his contention that his challenge should nonetheless be considered and found meritorious based upon his assertion of ineffective assistance of counsel. We will therefore affirm the judgment.

FACTUAL BACKGROUND

I.      *The Search Warrant and Accompanying Affidavit*[2]

In his affidavit, Officer Scott Parsons of the Watsonville Police Department (Department) sought the issuance of a search warrant for a residence located at 130 Riverside Drive in Watsonville.  He also sought in the requested warrant the inclusion of an authorization to search defendant's person and any vehicles registered to him.  The personal property sought in the affidavit included methamphetamine, various indicia of sales of methamphetamine, and firearms.  Officer Parsons indicated that he had been a California police officer since 2008; had been, until July 2010, a patrol officer for the Department where he had investigated, among other crimes, narcotics use, sales, and possession; and was currently assigned to the Santa Cruz County Gang Task Force (Task Force) where his duties included the investigation of gang-related crimes and performance of surveillance operations (including the buying and selling of narcotics and working with confidential informants).

Officer Parsons averred that he had met with a confidential reliable informant (CRI) within 10 days of his execution of the affidavit.  He stated that the CRI was tested because he/she in the past (1) had assisted law enforcement with information about illegal activity; (2) had helped in several cases with narcotics and gang involvement; and (3) had not given misleading information to law enforcement in any past cases while acting as an informant.  Officer Parsons suggested that it be assumed the CRI had prior felony convictions and was assisting law enforcement "for case consideration and monetary gain."  The officer indicated further that he did not want to reveal the identity of the CRI because of the threat of bodily harm to the CRI or the CRI's family members.  The CRI

---

[2] The summary information recited herein is from the search warrant and search warrant affidavit—including a six-page exhibit that contains a redacted version of sealed materials available to defendant—that were introduced as exhibits at the preliminary hearing and which are a part of the appellate record.

advised Officer Parsons that he/she was fearful of retaliation by the persons about whom he/she was informing law enforcement.

The CRI told Officer Parsons that he/she knew defendant, was aware that defendant was involved in the sale of methamphetamine in Watsonville, and had personally bought methamphetamine from defendant on several occasions. (After speaking to the CRI, Officer Parsons performed a records check and determined that defendant had a 1997 conviction for possession for sale of a controlled substance.) The CRI also informed Officer Parsons that defendant lived at 130 Riverside and had been residing there for approximately one year. Officer Parsons stated that he had personally seen a Honda registered to defendant parked in front of that house several times, and that another Task Force officer had observed defendant in front of the house within two weeks of the affidavit's execution.

Within 10 days of the affidavit's execution, Officer Parsons drove the CRI to the Riverside Drive area and the CRI pointed out 130 Riverside Drive as defendant's residence. The CRI also identified defendant from a booking photograph Officer Parsons showed him/her.

Officer Parsons met with the CRI within 10 days of the affidavit's execution at a specified location to perform "a controlled buy of [m]ethamphetamine." Officer Parsons searched the CRI and confirmed that he/she had no drugs, money, or contraband on his/her person. The officer checked to confirm the CRI was not under the influence of drugs. Officer Parsons then gave the CRI some Task Force funds to be used to buy drugs. Officer Parsons kept the CRI under "constant surveillance" and directed that the CRI go to 130 Riverside to complete the transaction. The CRI walked to the residence, making no stops along the way. A short time later, the CRI walked away from 130 Riverside Drive, and Officer Parsons observed the CRI walk to a predetermined location. The officer met the CRI, obtained a baggie of suspected methamphetamine

4

from him/her, and searched the CRI and found him/her to possess no money or any other contraband.

Officer Parsons indicated in his affidavit that the amount of methamphetamine in the baggie was consistent with the amount of funds given to the CRI to complete the controlled buy. He stated that he spoke to the CRI, and he/she informed him that defendant had handed the CRI the baggie containing the suspected methamphetamine. Officer Parsons later performed a test of the material in the baggie given to him by the CRI. It tested presumptively positive for methamphetamine.

II.     *Execution of the Search Warrant*[3]

On the evening of May 4, 2013, Officer Parsons, along with other officers from the Department, executed a search warrant at 130 Riverside Drive in Watsonville. Officer Parsons, in an undercover vehicle, observed defendant and another man arrive at the location in defendant's truck, which he parked in the driveway. Officer Parsons, in coordination with other officers, contacted, detained, and handcuffed defendant. Officer Parsons told defendant he had a warrant to search his home and vehicle.

After knocking and giving notice, Officer Parsons and two other officers entered the residence through the unlocked front door. In response to Officer Parsons's request, defendant identified his room as one that had two locks on the door. Defendant said he had the keys, which were retrieved from his truck. During a search of defendant's room, the officers located six grams of methamphetamine wrapped in plastic; a used methamphetamine pipe; various pieces of plastic consistent with the packaging of narcotics; 20 rounds of Winchester .44-caliber ammunition in the original box; a gun cleaning kit; one ".38 Special" round; and a .44-caliber firearm. After Officer Parsons arrested and Mirandized (*Miranda v. Arizona* (1966) 384 U.S. 436) defendant, he

_____

[3] The factual background is derived from the reporter's transcript of the preliminary hearing on October 15, 2012.

admitted that "he had been selling [methamphetamine] for the past one to two months outside of his house at 130 Riverside." Defendant said that no one else used his room. He also acknowledged that he owned the firearm and the .44-caliber rounds that were found in his room.

## PROCEDURAL HISTORY

Defendant was charged by a felony complaint filed May 10, 2012, with possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)), and possession of methamphetamine for sale (Health & Saf. Code, § 11378). As to the drug possession charge, it was further alleged that, pursuant to Health and Safety Code section 11370.2, subdivision (c), defendant had previously been convicted of having violated Health and Safety Code section 11351. It was also alleged in the complaint as to all three counts that defendant had two prison priors (§ 667.5, subd. (b)).

At the preliminary hearing in August 2012, defendant moved to suppress seized evidence pursuant to section 1538.5. He contended the warrant authorizing the search was not supported by probable cause. Defendant noted in the motion that "almost the entire 'Statement of Probable Cause' [in the search warrant affidavit] was requested to be sealed and presumably was sealed for reasons unknown to the defendant." Defendant argued further that the complaint should be dismissed under due process requirements because the prosecution's withholding of portions of the search warrant from defendant prevented him from fully litigating the suppression motion. The People opposed the motion, arguing that there was probable cause for issuance of the search warrant and that it was proper for the magistrate to seal a portion of the affidavit to protect the identity of a confidential informant.

The preliminary examination and hearing on the suppression motion were conducted on October 15 and 17, 2012. The court denied the motion to suppress and held defendant to answer.

6

On October 25, 2012, the District Attorney filed an information that contained the same charges and special allegations found in the complaint. Defendant filed a renewed motion to suppress evidence pursuant to section 1538.5, which was opposed by the People. On February 22, 2013, the court denied the renewed motion.

On June 7, 2013, defendant pleaded guilty to count 1, possession of a firearm by a felon (§ 29800, subd. (a)(1)), and count 3, possession of methamphetamine for sale (Health & Saf. Code, § 11378). He also admitted the two prison priors. Count 2 was dismissed in the interests of justice.[4] In a separate but related case heard at the same time (case number F24575), defendant pleaded guilty to possession of a firearm by a felon (§ 29800, subd. (a)(1)), and admitted that he was on bail at the time of the commission of that offense. Counsel stipulated that there was a factual basis for the plea.

On June 17, 2013, the court sentenced defendant to the upper term of three years on the count 1 conviction, adding two years for the prior prison term, for a total term of five years. The court imposed a concurrent sentence of three years on count 3. In the related case, the court imposed an additional term of two years and eight months, to run consecutive to the sentence imposed in the main case. It also imposed a restitution fine and a parole revocation restitution fine each in the amount of $280.

## DISCUSSION

I.      *Motion to Suppress*

A.      Background

In his motion to suppress and in his renewed motion, defendant asserted that the warrant authorizing the search was "not supported by provable, reviewable probable cause." He argued in both motions that "[a] portion of the affidavit here apparently has

---

[4] The record does not reflect that there was a disposition as to the remaining special allegation in the information as to count 3, i.e., the allegation pursuant to Health and Safety Code section 11370.2, subdivision (c).

7

been sealed—almost the entire Statement of Probable Cause that led to the issuance of this warrant, preventing the defendant from litigating the lawfulness of the governmental invasion of his precincts."

At the hearing on the first suppression motion on October 17, 2012, defense counsel argued that her "hands [were] somewhat tied in these types of cases because the Court and counsel are privy to information [she was] not privy to." Defendant's attorney argued that, from the portion of the affidavit in support of probable cause that was made available to her, it appeared there had been a controlled buy at the Watsonville address on Riverside Drive; the police had observed the informant enter the house and return from it; but the police at no time observed that defendant was present in the home at the time of the controlled buy.

The prosecution argued that, based upon the entirety of the affidavit, including the sealed portion which the court had reviewed, there was probable cause demonstrated for the issuance of the search warrant. The court—noting that in such cases its practice was to attempt to release to the defense as much information as possible without jeopardizing the informant's safety—concluded that "in the release[d] portion alone there was sufficient [information] to issue the search warrant and . . . there is more the Court has reviewed." It therefore denied the suppression motion.

The renewed suppression motion was heard before a different judge on February 22, 2013. The court indicated it had considered the renewed suppression motion and the People's opposition, the prior motion and hearing transcript, and the exhibits to the motion. After the matter was submitted without argument, the court denied the renewed suppression motion.

On appeal, defendant, citing *Hobbs*, *supra*, 7 Cal.4th 948, requests that this court independently review the record, including the sealed portion of the affidavit, to determine whether the trial court properly denied the motion to suppress. The Attorney General joins in the request.

8

### B. The Search Warrant Was Supported By Probable Cause

The Supreme Court has held that "taken together, the informant's privilege ([Evid. Code,] § 1041), the long-standing rule extending coverage of that privilege to *information* furnished by the informant which, if disclosed, might reveal his or her identity, and the codified rule that disclosure of an informant's identity is not required to establish the legality of a search pursuant to a warrant valid on its face ([Evid. Code,] § 1042, subd. (b)) compel a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege [under Evidence Code section 1041] and protect the identity of a confidential informant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971; Evid. Code, § 1042, subd. (b).) Where the defendant moves to quash or traverse the search warrant, the trial court should conduct an in camera hearing to determine if "sufficient grounds exist for maintaining the confidentiality of the informant's identity . . . [and] then . . . determine[] whether the entirety of the affidavit or any major portion thereof is properly sealed . . . ." (*Hobbs*, at p. 972.) "A defendant who desires to obtain the identity of the informant when the prosecution invokes the privilege under [Evidence Code] section 1041, has the burden of showing a reasonable possibility that the informant could give evidence on the issue of guilt which might result in [the] defendant's exoneration. [Citation.]" (*People v. Otte* (1989) 214 Cal.App.3d 1522, 1535.)

"Once the affidavit is found to have been properly sealed, the court should proceed to determine 'whether, under the "totality of the circumstances" presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was "a fair probability" that contraband or evidence of a crime would be found in the place searched pursuant to the warrant' (if the defendant has moved to quash the warrant) or 'whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing' (if the defendant has moved to traverse the warrant). [Citation.]" (*People v. Galland* (2008) 45 Cal.4th 354, 364, quoting

9

*Hobbs*, *supra*, 7 Cal.4th at pp. 974, 975.)  Because the defendant and his counsel are excluded from in camera proceedings in which the court reviews sealed portions of the search warrant affidavit, the court takes it upon itself to protect the defendant's rights (*Hobbs*, at p. 970) and "to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause" (*id.* at p. 973).  The trial court is capable of reviewing "all the relevant materials in camera to determine whether they will support defendant's challenges to the search warrant."  (*Id.* at p. 971.)

The trial court's standard of review depends upon whether the defendant has moved to quash or has filed a motion to traverse the search warrant.  (*People v. Heslington* (2011) 195 Cal.App.4th 947, 957.)  In the case of a motion to quash—the motion made by defendant here—the defendant makes a facial challenge to the warrant, claiming it lacks probable cause.  (*Hobbs*, *supra*, 7 Cal.4th at pp. 965, 974.)  " '[T]he warrant can be upset only if the affidavit fails as a matter of law [under the applicable standard announced in *Illinois v. Gates* [(1983)] 462 U.S. [213,] 238] to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony.' " (*Id.* at p. 975, quoting *Skelton v. Superior Court* (1969) 1 Cal.3d 144, 150.)  "The magistrate's determination of probable cause is entitled to deferential review. [Citations.]"  (*People v. Kraft* (2000) 23 Cal.4th 978, 1041.)

Here, defendant does not challenge the trial court's order requiring that the sealed portions of the search warrant affidavit remain under seal.  His only challenge is to the sufficiency of the affidavit establishing probable cause for the search warrant.

We have reviewed the affidavit in its entirety. (See *Hobbs*, *supra*, 7 Cal.4th at p. 975; *People v. Heslington*, *supra*, 195 Cal.App.4th at p. 957, fn. 6.)[5] We agree with the trial court that, even without giving consideration to the sealed portions of the affidavit, the redacted affidavit recites sufficient facts to support the magistrate's finding of probable cause. Defendant argues the lack of the affidavit's specificity as to the amount of money given to the CRI, the quantity of methamphetamine purchased, and the "location or vantage point" of Officer Parsons in observing the CRI approach defendant's residence defeats a showing of probable cause. We disagree. Neither the precision of detailed information nor perfection in the recitation of facts is required in an affidavit supporting the issuance of a search warrant. (See *United States v. Ventresca* (1965) 380 U.S. 102, 108 ["affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion"].) And even were the information in the redacted affidavit insufficient—which is not the case here—the additional facts in the sealed portion of the affidavit further support the already sufficient factual basis for a finding of probable cause based on the redacted affidavit. We therefore conclude that the trial court properly denied defendant's motion to suppress.

II.     *Restitution Fine and Parole Revocation Restitution Fine*

The court at sentencing imposed a restitution fine of $280 pursuant to section 1202.4. It also imposed and suspended a parole revocation restitution fine for the same amount pursuant to section 1202.45.

Defendant challenges the imposition of these fines. He claims the court intended to impose the applicable statutory minimum fine under both statutes. When defendant committed the crimes of which he was convicted (on May 4, 2012), the statutory

_____

[5] The unredacted version of the search warrant affidavit the court reviewed was not originally part of the appellate record. We have obtained that document from the trial court, and by order dated September 25, 2014, we have taken judicial notice of the complete unredacted search warrant affidavit.

minimum for the two fines was $240, while the statutory maximum was $10,000. (See former § 1202.4, subd. (b)(1).) Under the 2011 legislation amending section 1202.4, the minimum restitution fine that a court must impose was raised to $280 (while the maximum remained $10,000). (See Stats. 2011, ch. 358, § 1, p. 3759.) He thus claims the imposition of fines under sections 1202.4 and 1202.45 in amounts greater than the then-applicable statutory minimums constituted a violation of the ex post facto clauses of the California and federal Constitutions. (See U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9.) Defendant acknowledges that his trial counsel failed to object to the imposition of these statutory fines. But he contends that his trial counsel was prejudicially ineffective in failing to object, and therefore this court should order the judgment modified to reflect the $240 fine amounts he contends to be correct.

We conclude that defendant's challenges to the restitution fine and to the corresponding parole revocation restitution fine are forfeited due to trial counsel's failure to object at the sentencing hearing. (*People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gamache* (2010) 48 Cal.4th 347, 409.). We therefore proceed with his ineffective assistance of counsel claim.

A criminal defendant has the right to the assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) This constitutional right to counsel entitles a defendant not simply to "bare assistance" but rather to effective assistance. (*People v. Jones* (1991) 53 Cal.3d 1115, 1134.) An ineffective assistance of counsel claim requires a showing that "counsel's action was, objectively considered, both deficient under prevailing professional norms and prejudicial." (*People v. Seaton* (2001) 26 Cal.4th 598, 666, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) "[T]he burden is on the defendant to show (1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of

counsel's failings." (*People v. Lewis* (1990) 50 Cal.3d 262, 288; see also *People v. Weaver* (2001) 26 Cal.4th 876, 961.)

The first element of an ineffective assistance claim "requires a showing that 'counsel's representation fell below an objective standard of reasonableness.' [Citations.]" (*In re Marquez* (1992) 1 Cal.4th 584, 602-603, quoting *Strickland*, *supra*, 466 U.S. at p. 688.) " 'In determining whether counsel's performance was deficient, a court must in general exercise deferential scrutiny . . .' and must 'view and assess the reasonableness of counsel's acts or omissions . . . under the circumstances as they stood at the time that counsel acted or failed to act.' [Citation.] Although deference is not abdication [citation], courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight." (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.) "[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' [Citation.]" (*People v. Lucas* (1995) 12 Cal.4th 415, 437 (*Lucas*), quoting *Strickland*, *supra*, 466 U.S. at p. 689.) And the California Supreme Court has noted that if "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged," we must reject the claim on appeal "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." (*People v. Pope* (1979) 23 Cal.3d 412, 426 (*Pope*), disapproved on another ground in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.)

The (second) "prejudice" element requires a showing that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been more favorable to defendant, i.e., a probability sufficient to undermine confidence in the outcome." (*In re Ross* (1995) 10 Cal.4th 184, 201.) Prejudice requires a showing of "a ' "demonstrable reality," not simply speculation.' [Citations.]" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

13

The defendant bears the burden of establishing an ineffective assistance claim. (*Lucas*, *supra*, 12 Cal.4th at p. 436; *Pope*, *supra*, 23 Cal.3d at p. 425.) "Surmounting *Strickland*'s high bar is never an easy task. [Citations.]" (*Padilla v. Kentucky* (2010) 559 U.S. 356, 371].) In deciding an ineffective assistance claim, the reviewing court need not inquire into the two components (deficient performance and prejudice) in any particular order; in the event the defendant's showing on one component is insufficient, the court need not address the remaining component. (*In re Cox* (2003) 30 Cal.4th 974, 1019-1020.)

Applying these principles, we conclude that defendant has failed to carry his burden of showing prejudice. The only evidence in the record concerning the imposition of the challenged fines was the following from the court: "There is a $280 restitution fine . . . [¶] . . .[¶] We will have the $280 parole revocation restitution fine and that's stayed pending the successful completion." The record does not include a copy of the probation report, a document in which there is often found a recommendation to the court concerning the imposition of fines such as those imposed under sections 1202.4 and 1202.45.

Contrary to defendant's assertion, nothing in the record demonstrates that the court intended to impose the statutory minimum restitution fine and that the court therefore erred by imposing a fine of $280, rather than $240. Defendant's contention that the trial court intended to impose the minimum fine under section 1202.4, subdivision (b)(1) is speculative and does not establish prejudice. (*People v. Fairbank*, *supra*, 16 Cal.4th at p. 1241.)

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Given that the record does not unequivocally show the trial court intended to order the minimum restitution fine under section 1202.4, subdivision (b)(1), defendant

has not met his burden of showing that, had trial counsel objected, it is reasonably probable the trial court would have imposed a lower restitution fine.  His failure to demonstrate prejudice defeats his claim of ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.

_____
Márquez, J.


I CONCUR:




_____
Bamattre-Manoukian, Acting P. J.




I CONCUR IN THE JUDGMENT ONLY:




_____
Grover, J.